UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 12-50044-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO VIEW SCENE OF THE** |
| | ) | **CHARGED OFFENSE** |
| NORMAN YELLOW HAWK, | ) | [DOCKET NO. 51] |
| Defendant. | ) | |

This matter is before the court pursuant to a motion filed by defendant Norman Yellow Hawk requesting that defense counsel and an investigator be permitted to view the scene of the charged offense. See Docket No. 51. The government resists the motion. See Docket No. 59. The Chief District Judge, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 53.

## FACTS

Mr. Yellow Hawk is charged with aggravated sexual abuse. See Docket Nos. 1 & 2; 18 U.S.C. §§ 2241(c), 2246(2)(A), and 1153. The alleged victim claims the offense occurred at the home of Edna Plenty Arrows in Allen, South Dakota. See Docket No. 59. Defendant has requested to view the scene of the alleged offense, but Ms. Plenty Arrows has refused that request. See Docket No. 52. The government has provided photographs of the home to the

1

defendant.  See Docket Nos. 59 and 67.

**DISCUSSION**

**A.   Discovery in a Criminal Case**

**1.   Federal Rule of Criminal Procedure 16**

Criminal defendants do not have a general constitutional right to discovery.  United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)).  "In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." Id.  Under the Federal Rules of Criminal Procedure, the government is required to allow defendant to inspect those items of physical evidence that (1) the government intends to use in its case in chief, (2) items the government should know are material to the defense, or (3) items which were taken from the defendant himself.  See FED. R. CRIM. P. 16(a)(1)(E)-(G).  Mr. Yellow Hawk requests to view the scene of the charged offense, arguing that it is a "building or place" within the government's control under Rule 16:

> **(E) Documents and Objects**
> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> 	(i) the item is material to preparing the defense;
> 	(ii) the government intends to use the item in its case-in-chief at trial; or
> 	(iii) the item was obtained from or belongs to the defendant.

2

FED. R. CR. P. 16(a)(1)(E).

### 2. Defendant's Request to View Scene of the Charged Offense

Under Rule 16, Mr. Yellow Hawk argues that Ms. Plenty Arrows' private residence is within the government's control. Mr. Yellow Hawk argues that the government has control "of this case, the scene, their witnesses, their evidence and the entirety of this case," and can "direct" Ms. Plenty Arrows to allow defense counsel to view the scene. Docket No. 52 at 3.

The government responds that Ms. Plenty Arrows' home is not within the government's possession, custody, or control. Docket No. 59 at 3. The government notes that Ms. Plenty Arrows has a Fourth Amendment right to privacy in her own home. Id. at 5-6. The government also asserts that it has an affirmative obligation to protect victims. Id. at 3-4. The government has already provided 13 photographs of the interior and exterior of the home and requested a blueprint of the home from the Oglala Tribal Housing Authority. Id. at 3, 6.

Mr. Yellow Hawk argues that viewing the scene of the charged offense is material to his defense. He explains that his defense counsel and investigator need to "walk the scene and identify tangible objects that may be potential evidence . . . . make detailed notes and a diagram which include relevant

3

measurements . . . . record the scene by photographing and, if deemed useful, videotaping the scene." Docket No. 52 at 2. He argues that viewing the scene will help defense counsel ascertain the credibility of the alleged victim and government witnesses. Id. The defendant replies that the photographs provided by the government are insufficient to depict the layout of the rooms, and viewing the scene would allow defense counsel to view the "perspective, depth, context, [and] physical layout" of the residence. Docket No. 63.

Even if viewing the scene of the alleged offense were material to the defendant's case under Rule 16(a)(1)(E)(i), which the defendant has not demonstrated, the court cannot order the government to allow defense counsel to inspect that which the government does not possess or control. Rule 16 presents a conjunctive test: the government must permit inspection "if the item is within the government's possession, custody, or control *and* the item is material to preparing the defense . . ." (emphasis supplied). FED. R. CR. P. 16(a)(1)(E). Ms. Plenty Arrows' home is a private residence–it is in no way within the government possession, custody, or control. Just because she is a government witness does not mean the government attorneys can force Ms. Plenty Arrows to allow defense counsel into her home. In addition, although Mr. Yellow Hawk has asserted the conclusory statement that viewing the scene of the crime is material, he has not explained *why* that is so. Accordingly, Mr. Yellow Hawk cannot succeed on his motion to view the scene

4

of the charged offense under Rule 16.

**B.    Defendant's Constitutional Rights**

Mr. Yellow Hawk argues that denying his motion to view the scene of the charged offense would deny defendant his constitutional rights, including the right to counsel, effective assistance of counsel, confrontation, due process, and exculpatory information.[1]  Docket No. 52 at 3-4 (citing Brady v. Maryland, 373 U.S. (1963); Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 476 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419 (1995)).  Mr. Yellow Hawk cites a District of Alaska

---

[1] The government interprets Mr. Yellow Hawk's motion as seeking an absolute right to view the scene of the charged offense.  The government identifies one case where the Virginia Court of Appeals found a constitutional right, arising out of the Virginia Constitution, to "view, photograph, and take measurements of the crime scene."  Henshaw v. Commonwealth of Virginia, 451 S.E.2d 415, 419-20 (Va. Ct. App. 1994).  Under this rule, a defendant must demonstrate that viewing the scene will allow him to obtain "relevant and material" evidence.  Id.  The trial judge may then consider whether "the private citizen's constitutional right to privacy outweighs the accused's right to view or inspect the premises."  Id.  Even after recognizing this right, the Virginia Court of Appeals held that the trial judge's denial of access to the crime scene was harmless error, noting that defense counsel had the opportunity to cross-examine the owner of the private residence and the government introduced photographs of the crime scene.  Id. at 348; see also United States v. Bryant, No. 8:08CR377, 2009 WL 3229756, at *1 (D. Neb. Oct. 5, 2009) (defendant unsuccessfully urged District of Nebraska to adopt Virginia Constitutional right to view the scene of the charged offense).
     The defendant has not presented any case law, nor is this court aware of any case law within the Eighth Circuit, which supports an absolute constitutional right to enter a private residence not in control of the government in order to view the scene of the charged offense.

5

case to support the proposition that the "right to exculpatory information is independent of and supersedes the scope of discovery allowed under Rule 16." United States v. Jensen, No. 3:09-CR-108, 2011 WL 1302908, *12 (D. Alaska Apr. 5, 2011); see also United States v. Agurs, 427 U.S. 97, 107 (1976).

The government must provide exculpatory evidence to the defendant: "The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment and not otherwise available to the defendant." See United States v. Santisteban, 501 F.3d 873, 877 (8th Cir. 2007) (citing Bagley, 473 U.S. at 678; Brady, 373 U.S. at 87). Defense counsel seeks to inspect the scene to "ascertain the credibility of the alleged victim and government witnesses," presumably to gain impeachment evidence. Impeachment evidence falls under Brady when the reliability of a given witness may be determinative of a defendant's guilt or innocence. Giglio, 405 U.S. at 154. Defense counsel states that "the layout and size of the scene will show that claimant's version of events does not correspond with the claim of how it occurred or where it occurred." Docket 52 at 3.

Defendant's argument is that his right to exculpatory evidence trumps any limitations under the Federal Rules, specifically Rule 16. The defendant has not met his burden of demonstrating why viewing the scene of the offense will produce exculpatory evidence. Brady does not require the government to

"disclose evidence to which the defendant had access through other channels." Santisteban, 501 F.3d at 877 (quoting United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001)). The defendant has photographs of the scene. He will also be supplied with the blueprint of the residence once the government has obtained it. As discussed above, the defendant argues that the photographs of the scene are insufficient to prepare for trial, but does not explain *why* that is so.

As the government notes, the alleged abuse was reported approximately four years after it allegedly occurred. Docket 59 at 7. The defendant has not presented any evidence that the layout of the room is still in the same condition it was in at the time of the alleged abuse. Walls and furniture may have been altered materially since the date of the alleged crime. Nor has the defendant presented any evidence that there is something unique about this private residence that cannot be ascertained from the photographs or the blueprint. For these reasons, denying defendant's motion to view the scene of the charged offense does not contravene his right to exculpatory information when he already has access to photographs and blueprints of the scene.

## CONCLUSION

Mr. Yellow Hawk's motion to view the scene of the charged offense [Docket No. 51] is denied for the reasons sets forth in this opinion.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.

Dated February 28, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE